INFORMAL BRIEF FOR RESPONDENTS

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-1352

MINDY HILL,

PETITIONER,

V.

FEDERAL COMMUNICATIONS COMMISSION
AND UNITED STATES OF AMERICA,

RESPONDENTS.

ON PETITION FOR REVIEW OF AN ORDER OF THE
FEDERAL COMMUNICATIONS COMMISSION

| | |
|---|---|
| JONATHAN KANTER<br>ASSISTANT ATTORNEY GENERAL | P. MICHELE ELLISON<br>GENERAL COUNSEL |
| ROBERT B. NICHOLSON<br>JARED T. BOND<br>ATTORNEYS | SARAH E. CITRIN<br>DEPUTY ASSOCIATE GENERAL COUNSEL |
| UNITED STATES<br>DEPARTMENT OF JUSTICE<br>WASHINGTON, D.C. 20530 | PAMELA L. SMITH<br>COUNSEL<br><br>FEDERAL COMMUNICATIONS COMMISSION<br>WASHINGTON, D.C. 20554<br>(202) 418-1740 |

## INTRODUCTION

In 2016, Ms. Mindy Hill appeared in a "digital news" piece for which YouTube's automatic transcription software provided faulty closed captions. Inf. Br. at 4.[1] Hill filed an informal complaint with the Federal Communications Commission, which has jurisdiction to regulate the closed-captioning of certain video programming delivered over the Internet—if that programming was previously "published or exhibited on television with captions." 47 U.S.C. § 613(c)(2)(A). Because Hill indicated that the Internet news report referenced in her complaint had never been shown on television, the FCC's Disability Rights Office notified her that the agency lacked jurisdiction to act. In an email dated January 9, 2017, the Disability Rights Office advised Hill that her complaint was "closed as of today." Inf. Br.–Exh. A at 12.

More than six years later, Hill sued the FCC in federal district court, seeking more than $1 million in damages arising from the agency's response to her 2016 informal complaint. The district court dismissed that suit for lack of jurisdiction explaining that "exclusive jurisdiction" over challenges to "final" FCC orders lies

---

[1] "Inf. Br." refers to the electronic version of Hill's informal brief, which was attached to the Court's notice of docket activity issued on April 27, 2023, and which is not internally numbered. In citing to Hill's informal brief and its attachments, we use the electronically generated page numbers.

with the U.S. Courts of Appeals. Memorandum Order, *Hill v. FCC*, No. 23-cv-424, slip op. at 2 (D. Md. Mar. 14, 2023) ("*March Order*").

On April 3, 2023, Hill filed this case. To the extent Hill has petitioned the Court to review the agency's action, this case should be dismissed for lack of jurisdiction for two independent reasons: the complained-of agency action is not a "final order[] of the Federal Communications Commission," 28 U.S.C. § 2342(1), and, in any event, petitions for review of final FCC orders must be filed within 60 days of the order's entry, *see id.* § 2344. In the alternative, should the Court treat this case as an appeal of the *March Order*, the Court should affirm the district court's determination that it lacked jurisdiction over Hill's suit for damages.

## BACKGROUND

Under the Twenty-First Century Communications and Video Accessibility Act of 2010 ("Accessibility Act"), Pub. L. 111-260, 124 Stat. 2751 (codified as amended in scattered sections of 47 U.S.C.), Congress authorized the FCC to adopt rules that would make it easier for persons with disabilities to view "video programming" on the Internet. *See* 47 U.S.C. § 613(c)(2)(A). The FCC's authority to "require the provision of closed captioning on video programming delivered using Internet protocol," however, extends only to programming "that was published or exhibited on television with captions after the effective date of such regulations." *Id.* Accordingly, the FCC's rules governing closed captions for video

2

programming on the Internet do not reach programming not previously shown on television. *See* 47 C.F.R. § 79.4(b)(1).

The FCC has adopted procedures under which members of the public may file written complaints with the Commission "concerning . . . alleged violation[s] of the [agency's] closed captioning requirements." 47 C.F.R. § 79.4(e). This administrative process is a consumer's exclusive remedy: Under the express terms of both the Accessibility Act and the Commission's rules, there is no "private right of action" to enforce the closed-captioning requirements of the statute or the agency's implementing rules. *See* 47 U.S.C. § 613(j); 47 C.F.R. § 79.4(f).

On December 10, 2016, Hill filed an informal complaint through the FCC's Consumer Complaint Center—https://consumercomplaints.fcc.gov—against Alphabet Inc., stating that a video "recently uploaded" to YouTube had been closed captioned in a "misleading, humiliating, false" manner that "caused much emotional distress, and uncertainty." Inf. Br.–Exh. B at 14.[2] Specifically, Hill complained that "Youtube's closed caption said 'What's up DC bitch girl gel with,'" *id.*—and so displayed words that "were never spoken" on the uploaded video, Inf. Br. at 4, 8, but instead were "automatically generated through the

---

[2] For purposes of this case, Alphabet Inc. is the corporate parent of YouTube.

3

YouTube software," *id.* at 7. Hill indicated, however, that the uploaded video "ha[d] never aired on television in the U.S." Inf. Br.–Exh. F at 23.

That same day, the FCC acknowledged receipt of the informal complaint and advised Hill that a specialist in the agency's Disability Rights Office—a component of the agency's Consumer and Governmental Affairs Bureau—would "review [the] complaint and, if appropriate, . . . serve a Notice of Informal Complaint on Alphabet, Inc." Inf. Br.–Exh. B at 14. On December 12, 2016, a staff member in the Disability Rights Office informed Hill that the FCC "does not have jurisdiction over video programming that has not been shown on television." Inf. Br.–Exh. A at 12. As a courtesy, the staff member also informed Hill that, if she had "issues with the automatically-generated closed captioning on YouTube," she could use a link that the staff member provided to "compile and submit [her] own closed captions/subtitles." *Id.*

On January 9, 2017, the FCC informed Hill by email that her informal complaint had been "reviewed by the Disability Rights Office," which had "determined that no further action [was] required." Inf. Br.–Exh. A at 12. This email further advised Hill that her complaint was "closed as of today," and that she had "30 days in which to notify [the agency] if [she] believe[d] the matter ha[d] not been resolved satisfactorily." *Id.*

4

Hill does not claim to have had any further communication with the FCC within 30 days from the date her complaint was closed. Nor does she assert that she ever sought to appeal the staff-level decision closing her complaint to the full Commission.³ Instead, more than six years after the Disability Rights Office closed her complaint, Hill brought a pro se suit against the FCC in federal district court, seeking damages of more than $1 million. *See* Complaint, *Hill v. FCC*, No. 23-cv-424, Dkt. 1 at 7 (D. Md. Feb. 16, 2023 ). On March 14, 2023, the district court dismissed her suit without prejudice for lack of jurisdiction, giving Hill an opportunity to "refile her claim in an appropriate court." *See March Order*, slip op. at 1. On April 3, 2023, Hill filed a notice of appeal to this Court.

## ARGUMENT

Hill initiated this case as an appeal of the district court's *March Order*. *See* Notice of Appeal. This Court's subsequent orders, however, regard this case as a petition for review of FCC action under the Administrative Orders Review Act

---

³ In her informal brief, Hill does discuss and attach one email exchange with the FCC after January 9, 2017. Specifically, she observes that, "on July 31, 2017, Chief Disability Rights Office, Consumer and Governmental Affairs Bureau stated that the FCC rules do not apply to consumer-generated media programming on YouTube, unless it has been shown on television captioned." Inf. Br. at 5; *see* Inf. Br.–Exh. E at 21. However, Hill expressly identifies the January 2017 email as the FCC order as to which she seeks this Court's review, and she does not request review of any agency action occurring after that date. *See* Letter Enclosing Final FCC Order (Doc. 14); Inf. Br. at 1 ("January 9, 2017 is the date of final FCC order which review is sought.").

5

("Hobbs Act"), ch. 1189, 64 Stat. 1129 (1950) (codified as amended at 28 U.S.C. §§ 2341–2351)—perhaps because "a party cannot use an appeal from a district court to circumvent the Hobbs Act[]." *See GTE South, Inc. v. Morrison*, 199 F.3d 733, 742–43 (4th Cir. 1999). To the extent that Hill seeks review under the Hobbs Act, this Court lacks jurisdiction because the staff-level email about which Hill complains is not a final, reviewable FCC order. Even if it were, any Hobbs Act challenge is well out of time. Alternatively, under Hill's initial framing of this case, the Court should affirm the district court's dismissal of her complaint because Hill has not identified any waiver of sovereign immunity that would grant the district court jurisdiction.

   A. This Court Lacks Hobbs Act Jurisdiction Because The Staff Email About Which Hill Complains Was Not A Final FCC Order And, In Any Event, It Is Now Too Late To Petition For Review.

In her informal brief to this Court, Hill continues to request "actual damages" and other compensatory, monetary relief, Inf. Br. at 8–9, without plainly requesting any other mandatory or injunctive relief against the FCC, *see id.* She does, however, assert that "the court of appeals has exclusive jurisdiction to enjoin, set aside, suspend or determine the validity of" the January 2017 email responding to her 2016 informal complaint. *Id.* at 1 (quoting 28 U.S.C. § 2342(1)); *see also* Letter Enclosing Final FCC Order (identifying the January 2017 email as the

6

agency order about which Hill complains). To the extent Hill seeks review under the Hobbs Act, this Court lacks jurisdiction—for two independent reasons.

First, judicial review of FCC action under the Hobbs Act is limited to "final orders of the . . . Commission made reviewable by [47 U.S.C. § 402(a)]." 28 U.S.C. § 2342(1). The order under review in this case—which Hill has identified as the email from the Disability Rights Office dated January 9, 2017—was a staff-level action taken pursuant to authority that the Commission has delegated to the Consumer and Governmental Affairs Bureau. *See* 47 C.F.R. § 79.4(e)(1) (establishing complaint procedures for alleged violations of the Commission's video programming closed-captioning requirements); *see also id.* § 0.141(i) (granting the Bureau delegated authority to "[p]rovide[] informal mediation and resolution of individual informal consumer inquiries and complaints consistent with Commission regulations"). As a "condition precedent to judicial review of any order . . . or action made or taken pursuant to a delegation" of authority to the agency's subordinate bureaus, the Communications Act requires that the objecting party first seek administrative review from the full Commission. 47 U.S.C. § 155(c)(7). Accordingly, a staff-level decision as to which an objecting party has not sought (and obtained) review by the full Commission is not a final agency order reviewable in the U.S. Courts of Appeals. *See, e.g.*, *Int'l Telecard Ass'n v. FCC*, 166 F.3d 387, 388 (D.C. Cir. 1999) (per curiam) ("Congress did not intend

7

that the court review a staff decision that has not been adopted by the Commission itself." (internal quotation marks omitted)).

Even if Hill were challenging a "final order[] of the . . . Commission," 28 U.S.C. § 2342(1), this Court would lack jurisdiction because her challenge is untimely. To seek judicial review of a final order of the FCC, the Hobbs Act provides that "[a]ny party aggrieved by the final order may, within 60 days after [the order's] entry, file a petition for review of the order in the court of appeals." *Id.* § 2344. Here, the email that Hill identifies as the FCC order under review was issued on January 9, 2017. *See* Inf. Br. at 1; Letter Enclosing Final FCC Order. But Hill did not appeal to this Court until April 3, 2023—well beyond the statutorily permitted window for seeking judicial review. Because that "time limit is jurisdictional in nature, and may not be enlarged or altered by the courts," *e.g.*, *Matson Navigation Co. v. U.S. Dep't of Transp.*, 895 F.3d 799, 803 (D.C. Cir. 2018) (internal quotation marks omitted), this Court lacks jurisdiction, under the Hobbs Act, to consider Hill's claims.

B. <u>The District Court Lacked Jurisdiction Because Hill Has Not Identified Any Applicable Waiver Of Sovereign Immunity.</u>

Alternatively, if the Court treats Hill's case as an appeal from the *March Order*, it should affirm. The federal government is immune from suit unless it explicitly consents. *E.g.*, *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Because "[s]overeign immunity is jurisdictional," *FDIC v. Meyer*, 510 U.S. 471,

8

475 (1994), any waiver of sovereign immunity "must be unequivocally expressed in statutory text and will not be implied," *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citation omitted). It is a plaintiff's burden to identify "an unequivocal waiver of immunity." *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995).

Here, the crux of Hill's district court complaint was that the FCC's responses to her 2016 informal complaint "provided inaccurate, false and misleading information" by representing that the agency "didn't have jurisdiction to address [her] complaint." District Court Complaint at 7–8.[4] But in seeking to recover "actual damages" for that alleged misconduct, *id.* at 7, Hill did not identify any statute that might have established an applicable waiver of sovereign immunity, and there is none.

For example, the Administrative Procedure Act ("APA"), ch. 324, 60 Stat. 237 (1946) (codified as amended in scattered sections of 5 U.S.C.), generally waives sovereign immunity to suits by persons "adversely affected or aggrieved by agency action." 5 U.S.C. § 702. But the APA's waiver of sovereign immunity is limited to suits "seeking relief *other than money damages*." *Id.* (emphasis added); *see also Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 262 (1999) (explaining that

---

[4] Hill attached the district court complaint to her notice of appeal in this case. *See* Notice of Appeal at 4. Because the district court complaint is unnumbered, we cite to the complaint using the "CM/ECF"-stamped page numbers from the notice of appeal.

9

the APA's waiver of sovereign immunity is limited to claims for "specific relief," not monetary payments that would provide "compensatory, or substitute, relief"). The APA thus provided no jurisdictional basis for Hill's suit for damages in district court.

The Tucker Act waives the government's sovereign immunity for monetary claims "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). But district courts' jurisdiction is limited to such claims for $10,000 or less: Hill seeks more than $1 million. *See id.* § 1346(a)(2). Nor does the statute create a substantive right to recover damages. *E.g.*, *Maine Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1327 (2020). As such, the Tucker Act does not apply here because the Accessibility Act expressly provides that there is no "private right of action" to enforce the closed-captioning requirements of the Communications Act or the FCC's implementing rules. *See* 47 U.S.C. § 613(j); *accord* 47 C.F.R. § 79.4(f).

Hill likewise has not shown a waiver of sovereign immunity under the Federal Tort Claims Act ("FTCA"), ch. 753, 60 Stat. 842 (1946) (codified as amended at 28 U.S.C. §§ 1346(b), 2671–2680). The FTCA waives sovereign immunity where "the negligent or wrongful act or omission of any employee of the Government . . . acting within the scope of his office or employment" would render

10

"a private person . . . liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). Violations of federal law, when not accompanied by any local law violation, cannot support a suit under the FTCA. *See, e.g.*, *Williams*, 242 F.3d 169, 173 (4th Cir. 2001) (discussing cases establishing that "the FTCA does not waive the United States' immunity against liability for violation of its own statutes"). Moreover, there are a number of statutory exceptions to the waiver of sovereign immunity in the FTCA. *See, e.g.*, *Medina v. United States*, 259 F.3d 220, 223 (4th Cir. 2001) (citing 28 U.S.C. § 2680). Among other things, the FTCA's waiver of sovereign immunity does not extend to "[a]ny claim arising out of . . . misrepresentation[] [or] deceit." 28 U.S.C. § 2680(h).

In the Fourth Circuit, a plaintiff's burden to establish a waiver of sovereign immunity under the FTCA includes the burden to establish that none of the statutory waiver exceptions applies. *E.g.*, *Welch v. United States*, 409 F.3d 646, 651 (4th Cir. 2005). Here, the only local law identified in Hill's district court complaint is a Maryland statute defining "[u]nfair, abusive, or deceptive trade practices." Md. Code Ann., Com. Law, § 13-301; *see* District Court Complaint at 2, 6. Hill has offered no explanation, however, for why the statutory exception for claims "arising out of . . . misrepresentation[] [or] deceit," 28 U.S.C. § 2680(h), should not foreclose jurisdiction premised on that provision of Maryland law,

11

which requires private parties to plead "an unfair or deceptive practice or misrepresentation." *E.g.*, *Wash. Cnty. Bd. of Educ. v. Mallinckrodt ARD, Inc.*, 431 F. Supp. 3d 698, 710 (D. Md. 2020) (internal quotation marks omitted). Numerous cases recognize that "the 'misrepresentation' exception of [28 U.S.C. § 2680(h)]" forecloses FTCA suits in which the complaining parties contend that the government's "false representations . . . worked to the[ir] financial detriment." *Ortiz v. United States*, 661 F.2d 826, 830 (10th Cir. 1981) (collecting cases).[5]

Because Hill has not identified any applicable waiver of sovereign immunity, the district court was correct to dismiss her complaint for lack of jurisdiction.

## CONCLUSION

This case should be dismissed for lack of jurisdiction. In the alternative, the decision of the U.S. District Court for the District of Maryland should be affirmed.

---

[5] We note also that suits under the FTCA lie only against the United States, and that no action can be instituted against the United States "unless the claimant shall have first presented the claim to the appropriate Federal agency" for a sum certain. 28 U.S.C. § 2675(a); *Ahmed v. United States*, 30 F.3d 514, 516–17 (4th Cir. 1994). Hill's failure to present any tort claim or claim for money damages to the FCC before suing in district court is an additional reason that the district court would lack jurisdiction under the FTCA.

12

|  | Respectfully submitted, |
|---|---|
| JONATHAN KANTER<br>ASSISTANT ATTORNEY GENERAL | P. MICHELE ELLISON<br>GENERAL COUNSEL |
| ROBERT B. NICHOLSON<br>JARED T. BOND<br>ATTORNEYS | SARAH E. CITRIN<br>DEPUTY ASSOCIATE GENERAL COUNSEL |
|  | /s/ Pamela L. Smith |
| UNITED STATES<br>DEPARTMENT OF JUSTICE<br>WASHINGTON, D.C. 20530 | PAMELA L. SMITH<br>COUNSEL |
|  | FEDERAL COMMUNICATIONS<br>COMMISSION<br>WASHINGTON, D.C. 20554<br>(202) 418-1740 |

June 7, 2023

# CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements and Type Style Requirements

1. This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    ☒    this document contains 2942 words, *or*

    ☐    this document uses a monospaced typeface and contains ___ lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒    this document has been prepared in a proportionally spaced typeface using <u>Microsoft Word 360</u> in <u>14-point Times New Roman</u>, *or*

    ☐    this document has been prepared in a monospaced spaced typeface using _____ with _____.

*s/ Pamela L. Smith*

Pamela L. Smith
Counsel

Federal Communications Commission
Washington, D.C. 20554
(202) 418-1740

## CERTIFICATE OF FILING AND SERVICE

I, Pamela L. Smith, hereby certify that on June 7, 2023, I filed the foregoing Informal Brief for Respondents with the Clerk of the Court for the United States Court of Appeals for the Fourth Circuit using the electronic CM/ECF system.

Participants in the case who are not registered CM/ECF users will be served by mail.

Mindy Hill
609-D Cherry Crest Road
Baltimore, MD 21225
*Petitioner: Pro Se*

*s/ Pamela L. Smith*

Pamela L. Smith
Counsel

Federal Communications Commission
Washington, D.C. 20554
(202) 418-1740